## WEBB, Respondent, v. CARTER et al., Appellants.

### St. Louis Court of Appeals, December 11, 1906.

1. **WATERCOURSE: Jury Question.** Whether a slough, having a definite course and a definite channel and connected with the main channel of a creek at its head and its mouth, through which a part of the water of the creek is carried in times of extraordinary freshet and emptied again into the creek, is a watercourse, was a question properly submitted to the jury, in an action for damages to plaintiff caused by the damming up and diverting the water from the slough.

2. ———: **Pleading: Variance.** Where a petition alleged that "a natural depression in the land through which, upon an overflow of a certain creek, there was a strong current of water," which depression was dammed so as to cause an overflow upon the plaintiff's land and consequent damage to him, this pleading did not define a watercourse and evidence that the plaintiff was damaged by the negligent damming up and overflow of a natural watercourse, upon his land, was a variance, and an instruction based upon that evidence submitted an issue not raised by the pleading.

3. ———: ———: ———: **Timely Objection.** But the error would not justify a reversal of the judgment where the variance was not taken advantage of in the proper mode.

4. **PRACTICE: Instruction Referring to Pleading.** In an action for damages caused to plaintiff by the negligence of defendant, an instruction which authorized a finding for plaintiff if the jury should believe the damage was caused by "the negligence of defendant as charged in the plaintiff's petition," without

advising the jury what acts within the scope of the petition would constitute negligence on the part of the defendants, was reversible error.

Appeal from Wayne Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED.

*Ernest A. Green* and *James F. Green* for defendants; *V. V. Ing* of counsel.

(1) All the instructions given on part of plaintiff were erroneous. The water which caused the injury was surface water, and, therefore, defendants are not liable. Johnson v. Railroad, 111 Mo. App. 378; Abbott v. Railroad, 83 Mo. 280; Jones v. Railroad, 18 Mo. App. 251. (2) Water supplied by rain, although running through a natural depression, is nothing more than surface water. Gray v. Schreiber, 58 Mo. App. 177; Schneider v. Railroad, 29 Mo. App. 68. (3) Plaintiff sued on one cause of action, to-wit: the negligent construction of defendant's tram, etc., and was permitted to recover upon a different theory. He must recover upon the theory of his petition, or not at all. Waldheier v. Railroad, 71 Mo. 514; Fuchs v. St. Louis, 167 Mo. 640; Chitty v. Railroad, 148 Mo. 40; Prior v. Railroad, 85 Mo. 367. (4). Plaintiff's second instruction is erroneous, as it leaves to the jury the determination of what is "surface water?" And the third instruction is erroneous in referring the jury to plaintiff's petition to determine the issues, and also in limiting the defenses of defendants. Bowles v. Hunter, 91 Mo. App. 333; Proctor v. Loomis, 35 Mo. App. 486; Omohundro v. Emerson, 80 Mo. App. 313; Hoeppner v. Hotel Co., 142 Mo. 375.

*Clark, Sheets & Yount* for respondent.

(1) The slough in question is a watercourse and appellants are liable for the result and damages for its

obstruction.    Jones v. Hammavan, 55 Mo. 462;
Kenney v. Railroad, 74 Mo. App. 301.    (2)    The
instructions given on behalf of respondent prop-
erly declared the law under the issue presented
by appellants.    Their only defense under their plead-
ings, evidence and instructions was that the injury
was the result of an unusual rise in Logan's creek.
They cannot now interpose a new defense.    R. S. 1899,
sec. 864; Pattison v. Letton, 56 Mo. App. 325; Bank v.
Shackleford, 67 Mo. App. 475; Richardson v. Lee's Ad-
ministrator, 71 Mo. App. 224; Terti v. Ins. Co., 76 Mo.
App. 42; Wilson & McConnell v. Standard Operating
Co., 93 Mo. App. 121; Hanford v. Kansas City, 103 Mo.
172; Burdoin v. Trenton, 116 Mo. 358; St. Louis v.
Realty Co., 175 Mo. 63.    (3)    Appellants' criticism of
respondent's second instruction is without merit.    The
definition of a watercourse given therein has been ap-
proved in the following cases: Gray v. Shriber, 58 Mo.
App. 177; Munkres v. Railroad, 72 Mo. 316.

GOODE, J.—Plaintiff owns the north half of the
northeast quarter of section 21, and the northwest quar-
ter of section 22, township 29, range 2, east, in Rey-
nolds county, Missouri, through which Logan's creek
runs in a southerly direction.    On the east side of the
creek, plaintiff had a field of twenty acres in cultivation.
In January, 1903, defendants erected a sawmill on the
west side of the creek, a short distance above plaintiff's
land.    The mill stands several rods back from the creek.
Some distance above the mill, a swale or slough starts
from the west bank of the creek, runs south past the mill
and empties into the creek a considerable distance below
plaintiff's land.    In time of freshets much of the surplus
water from the creek passes out through this slough and
on south of plaintiff's land.

The evidence shows that where the swale passes by
the mill, defendants built a tramway across it, eight or
nine feet high, and stacked railroad cross-ties and piles

of lumber from eight to ten inches apart and from five to six feet high along on said tramway. In March, 1904, there was an unusual freshet in Logan's creek, causing the creek to overflow and its waters to extend from hill to hill, a distance of fourteen hundred and eighty-five feet at the mill. Plaintiff's evidence tends to show that the cross-ties and lumber stacked across the slough by the defendants caused the water in the creek to form an eddy at that point and to back up and force the current of the creek to the southeast and over and across the plaintiff's field, washing away all the soil and leaving the field worthless. The evidence also shows that the east bank of the creek, on which plaintiff's field abutted, was from three to four feet higher than the opposite bank; it also shows that a four-foot rise in the creek would cause the water to flow through the slough and that previous overflows from the creek had never damaged plaintiff's field. There was some countervailing evidence offered by the defendant. All the witnesses agreed that the slough receives all its water from Logan's creek and that water never flows through it except when there is a four-foot rise or over in the creek; and in dry weather the slough is dry.

"Plaintiff for his cause of action, states that on or about the — day of January, 1903, defendants erected a sawmill and lumber yard upon a part of the lands aforesaid, lying west of said Logan's creek and near to the slough above-described; that defendants, at the time of the erection of said sawmill and lumber yard, well knew that said Logan's creek was subject to overflow, and that when the same did overflow, there was a strong flow or current of water through said slough; that, notwithstanding defendants' knowledge of said conditions, on or about the — day of—, 1903, defendants negligently and carelessly stacked a large quantity of heavy square green oak timbers in one continuous stack or pile, of the dimensions of about twelve feet high and twenty

feet wide extending from their sawmill and across the said slough and toward and near to the bank of said creek, and extending at a sharp angle with the current of said creek. Plaintiff further states that on or about the — day of March, 1904, and while the timbers aforesaid were stacked upon said land, said Logan's creek overflowed its banks; that by ·reason of the negligence and carelessness of defendants in stacking said timbers across said slough, the flow or current of water that ordinarily passes· through said slough was obstructed and deflected toward and across the main body or channel of said creek with such force and velocity as to force the current or flow of water out of the ·main body or channel of said creek and across and upon the cultivated field of plaintiff, situated upon the land aforesaid, thereby cutting and washing off the soil and otherwise damaging said field, so that the same has become and is wholly worthless to plaintiff. And plaintiff says that the reasonable value of said cultivated field before the said injury was $600."

The answer admits that defendants are partners but denies every other allegation in the petition.

A verdict for plaintiff for three hundred and fifty dollars, signed by ten of the jurors, was returned. Motions for new trial and in arrest of judgment were unavailing, and defendant appealed.

The court gave the following instructions for the plaintiff:

"1. The court instructs the jury, that if you shall believe and find from the evidence that the defendants, at the time alleged in plaintiff's petition, stacked a large quantity of large timbers across the slough mentioned in said petition, and that said slough is a water course as hereinafter defined, and that by reason of the stacking of said timbers across said slough by said defendants, their agents, servants or employees, the waters in said slough were diverted out of its usual channel and

course of flowage and caused to flow in the direction of and across the main channel of Logan's creek with such force and velocity as to turn the course of said Logan's creek upon and over plaintiff's land, thereby washing off the soil and otherwise injuring said land, you will find for the plaintiff.

"2. You are instructed that a water course is defined to be 'a living stream with well-defined banks and channel, not necessarily running all the time, but fed from other and more permanent sources than surface water.' If, therefore, you shall find and believe that the slough in question had a well-defined channel and banks through which, at certain seasons, the water of Logan's creek were carried from a point on said creek above the land occupied by defendants, thence through defendant's land and were again discharged into said creek from said slough, then said slough is a water course within the meaning of the above definition.

"3. One of the defenses interposed by the defendants in this case is that the injury to plaintiff's land was caused by an extraordinary flood in Logan's creek, and was caused by what is known in law as the 'Act of God.'

"You are therefore instructed that although you shall find and believe from the evidence that such extraordinary flood was the cause of plaintiff's injury, you must find for the plaintiffs, if you shall also believe that the negligence of defendants as charged in plaintiff's petition concurred with such flood and was one of the efficient causes of the injury to said land."

Defendants contend that these instructions took the case outside the pleadings. It is stated in the petition that Logan's creek is a natural water course and that the slough is "a natural depression in the land, through which, upon the overflow of said creek, there is a strong flow or current of water coming from the overflow of said creek." As will be seen by the instructions given,

the issue was submitted to the jury to find whether or not the slough was a natural water course.

In Benson v. Railroad, 78 Mo. 504, the following definition of Dixon, C. J., in Hoyt v. City of Hudson, 27 Wis. 661, is cited as the best definition of a water course to be found in the books. It is as follows:

"There must be a stream usually flowing in a particular direction, though it need not flow continually. It must flow in a definite channel, having a bed, sides or banks, and usually discharge itself into some other stream or body or water. It must be something more than a mere surface drainage over the entire face of a tract of land, occasioned by unusual freshets or other extraordinary causes. It does not include the water flowing in the hollows or ravines in land, which is the mere surface water from rain or melting snow, and is discharged through them from a higher to a lower level, but which at other times are destitute of water. Such hollows or ravines are not in legal contemplation water courses."

In Jones v. Railroad, 18 Mo. App. 251, an overflow of water from Indian creek, a natural water course, flowed into sloughs or swales, across one of which defendant built an embankment. In a suit for damming up the slough, the court held it was not a natural water course, and that defendant was not liable.

In Johnson v. Railroad, 111 Mo. App. 378, 85 S. W. 941, overflow water from the Mississippi river passed over a protecting levee and followed a depression, south of the city of Cape Girardeau, and extending southwest twelve or fourteen miles into Big Lake, a natural water course. Defendant constructed its railroad across Big Lake, partly by embankment and partly by trestle work. Plaintiff's farm, two miles above the railroad, was partially overflowed by back water from Big Lake. The evidence tended to show that the overflow from the Mississippi river caused the water to back up from Big

Lake and overflow plaintiff's lands. It was held that he could not recover for the reason the overflow from the river should be regarded as surface water.

In McCormick v. Railroad, 57 Mo. 1. c. 438, and Abbott v. Railroad, 83 Mo. 271, it was held that water overflowing the banks of a stream and escaping upon bottom lands, in consequence of the insufficiency of the natural channel to contain and carry it off, is surface water.

The facts of the case in hand are different from any of the above cases. The slough, according to the evidence, connected with the channel of Logan's creek both at its head and mouth, and in times of ordinary or extraordinary freshets acted as an auxiliary channel to carry the waters of the creek from above to below the lands of plaintiff and thus protected them from overflow. Therefore, the slough, in a sense, was a part of the channel of the creek itself. It had a definite course, a definite channel; it was not supplied by surface water from the surrounding hills but solely from the creek, and we think the evidence was sufficient to warrant the court in submitting to the jury the question of whether or not the slough was a natural water course. But this issue was not made by the pleadings, for it is not alleged in the petition that the slough is a natural water course, and the description given it by the pleader does not bring it within the legal definition of a natural water course; on the contrary. it is described as a swale or slough which receives overflow water from Logan's creek.

The reckless diversion of overflow water, resulting in injury to some other person, furnishes at common law, and under the laws of this State, a cause of action to the one injured. [Cox v. Railroad, 174 Mo. 588, 74 S. W. 854.] But any obstruction of the flow of water in a natural water course, resulting in injury to another person, furnishes such person a right of action, however careful the obstruction may have been made. [Edwards

v. Railroad, 97 Mo. App. 103.] The issue, as made by the pleadings, was whether or not the defendants had negligently diverted the overflow waters from the slough —not a natural water course—to the injury of plaintiff. The issue submitted to the jury was whether or not defendants had obstructed the flow of water in a slough, which the jury might find to be a natural water course, resulting in injury to the plaintiff. Thus it clearly appears that plaintiff sued on one cause of action and, without amending his petition, or offering to amend it to conform to the proof, was permitted to recover on a cause of action not stated in the petition. That a plaintiff cannot do this, notwithstanding the cause upon which he recovers would be a good cause of action, if well pleaded, is settled by numerous decisions of the appellate courts of this State. [Chitty v. Railroad, 148 Mo. 64, 49 S. W. 868; Hoagland v. Amusement Co., 170 Mo. 335, 70 S. W. 878; Koenig v. Railroad, 173 Mo. 698, 73 S. W. 637; Allen v. St. Louis Transit Co., 183 Mo. 411, 81 S. W. 1142; Cafferty v. Choctaw Coal & Mining Co., 95 Mo. App. 662, 68 S. W. 1049.]

The foregoing statement and opinion were prepared by the presiding judge of this court, but a majority of the court thought the point of variance between the evidence and the petition was not raised in a mode to justify reversing the judgment. Inasmuch as this must be done for an error in the third instruction, thereby making it necessary to retry the case, all question of the inconsistency of the evidence with the petition may be avoided at the next trial. The third instruction referred the jury to the petition for facts regarding defendants' alleged negligence; saying that if the jury believed the negligence of defendant as charged in plaintiff's petition concurred with the flood as one of the efficient causes of the injury to the land, the verdict should be for the plaintiff, though the jury believed that an extraordinary flood was the cause of the damage.

The instruction should have advised the jury what acts within the scope of the petition would constitute negligence on the part of the defendants, and that if they believed from the evidence defendants were guilty of such acts, and that those negligent acts co-operated with an extraordinary flood in producing the alleged damage, the verdict should be for the plaintiff, or words to that effect. It was error to refer the jury to the petition to ascertain what the negligence of defendants was. [McGinnis v. Railroad, 21 Mo. App. 399; Proctor v. Loomis, 35 Mo. App. 488.]

The judgment is reversed and the cause remanded. All concur.