JOHANNA SCOTT, Respondent, v. MISSOURI SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals.   Argued and Submitted June 7, 1911.
Opinion Filed June 30, 1911.

1. **APPELLATE PRACTICE: Reviewing Sufficiency of Evidence: Plats.** Where, on appeal, it is insisted that a verdict should have been directed, all the testimony adduced at the trial should be brought before the reviewing court, and plats that were used in the examination of witnesses to establish the location of local features should either be incorporated in the transcript, or, by agreement of counsel, brought before the court.

2. ————: **Questions Reviewable: Errors Against Successful Party.** The successful party who does not appeal may not, on the appeal of the defeated party, question rulings against him or attack the verdict because insufficient.

3. ————: ————: **Errors Favorable to Complaining Party.** A defeated party may not complain of instructions too favorable to him.

4. **WATER COURSES: Definition.** A "water course," within the rule as to obstruction, is a living stream of water with well-defined banks and a channel and bed, and, though the stream need not run continuously, it must be fed from other and more permanent sources than mere surface water resulting from rain or snow discharged from a higher to a lower level and finding exit through its channel.

158 App.—40

5. ———: **Obstruction: Negligence: Railroads: Instructions.**
In an action against a railroad company for damages result-
ing from its alleged negligent construction of a trestle across
a water course, causing the water to leave the water course, a
series of instructions summarized in the opinion are *held* to
be free from error.

6. **RAILROADS: Water Courses: Duty of Railroad: Negligence.**
A railroad company may cross a water course in the construc-
tion of its roadway, either by means of a bridge or a trestle;
but it must exercise reasonable care, not only to secure the
safety of the traveling public on its road, but to see that no
unnecessary injury is done to adjoining landowners by the
obstruction of the waters.

7. **WATER COURSES: Obstruction: Negligence: Railroads:
Question for Jury.** In an action against a railroad company for
damages to land, caused by an overflow of water alleged to
have resulted from defendant's negligent construction of a
trestle across a water course, *held*, the evidence was sufficient to
sustain a verdict for plaintiff. [NORTONI, J., Dissents].

Appeal from Wayne Circuit Court.—*Hon. Joseph J.
Williams*, Judge.

AFFIRMED.

*J. B. Daniel* and *Munger & Meador* for appellant.

(1)   The court erred in refusing to give defend-
ant's instruction in the nature of a demurrer to the
testimony at the close of the evidence.   1 Thompson
Commentaries on Negligence, secs. 2 and 3; McMahon
v. Express Co., 132 Mo. 641.   (2)   The grant of a
right of way to a railroad company carries with it
the right to make the necessary embankments, cul-
verts and ditches for the protection and proper grade
of the road, and if in exercising this right with due
care and skill surface water from adjoining land of
the grantor is obstructed it is *damnum absque injuria.*
Benson v. Railroad, 78 Mo. 504.   And again, if a rail-
road company is not negligent in the construction of
its road bed it will not be liable for flooding adjoining
land and by gathering and deflecting surface water

thereon and such act will be *damnum absque injuria.*
Jones v. Railroad, 84 Mo. 157; Collier v. Railroad, 48
Mo. App. 398.

· *V. V. Ing* and *J. H. Raney* for respondent.

A person may recover damages for injuries done
to his land caused by the obstruction of a natural
water course, however carefully the obstruction may
have been made.   Webb v. Carter, 121 Mo. App. 147;
Stanley v. Railroad, 121 Mo. App. 537; Edwards v.
Railroad, 97 Mo. App. 103; Martin v. St. Joseph, 117
S. W. 94; Hedrick v. St. Joseph, 122 S. W. 375.   And
it makes no difference in this respect if the petition
alleges negligence.   Hedrick v. St. Joseph, 122 S. W.
375.

REYNOLDS, P. J.—This action was brought
by plaintiff as owner of certain lands in Wayne coun-
ty, to recover damages on account of the alleged care-
lessness and negligence of defendant in the reconstruc-
tion of its trestle over and across Greenwood Valley
Creek where it runs through plaintiff's land, Green-
wood Valley Creek being alleged to be at the times
mentioned in the petition and now a natural drainage
and outlet for all water naturally draining and flowing
off of adjacent lands which drain and run by natural
flow down Greenwood Valley, it being alleged to be a
watercourse or living stream of water.   Briefly, it is
charged that by the negligent and careless manner
in which timbers and piling were placed and put in
the channel of the creek, in the reconstruction of the
trestle, and by leaving old piling in the creek, and by
the negligent and careless construction of the dumps
on either side of the trestle, and by carelessly and neg-
ligently placing its tracks too low, the waters of the
creek were caused and made to flow against the bank
of the creek on one side immediately below the trestle
and to wash and cut away the bank and thereby cause

the waters of the creek to flow out of the channel of the creek and onto and over plaintiff's land and inclosed and cultivated fields, overflowing them, washing away the soil and covering part of the land with driftwood and debris. Damages are laid at one thousand dollars.

The answer, after a general denial, sets up that whatever damage plaintiff sustained was caused by an act of God in an unprecedented rainfall and freshet, that could not have been foreseen or the damage prevented by defendant; that it at all times exercised ordinary care in the construction of the railroad and trestle through the land of plaintiff in order to guard against possible or probable damage to plaintiff's land. It is further set up that whatever damage plaintiff sustained was caused wholly or in part by her negligence in permitting the channel of Greenwood Valley Creek through her lands to grow up with brush and trees and by negligently permitting the bank of the creek to be washed away when that could have been prevented by her at slight expense, and by negligently and carelessly permitting the channel of said creek to become filled up and choked with driftwood, brush and logs and other debris.

The reply was a general denial of these averments of new matter.

There was a verdict and judgment for plaintiff for $219 for her damages, the trial being before the court and a jury.

A great mass of testimony, covering over 480 printed pages, was introduced at the trial. At the close of the testimony in the case defendant demurred to the evidence. The court overruled this, defendant excepting. All the instructions asked by defendant were refused, the court giving instructions of its own motion. Saving exception, defendant has duly perfected its appeal to this court.

We might dispose of this case on the point made as to the sufficiency of the evidence to withstand a demurrer by saying that we have not before us all the testimony which was at the trial. It appears that in the examination of the witnesses for plaintiff and defendant, a sketch map or plat of the location was used in evidence and frequently referred to by the witnesses, who, in the presence of the court and jury, pointed out the location of the trestle, dumps, piling, and other local features. It is very difficult to understand the testimony of the witnesses in the absence of this plat. When plats are used they should either be incorporated in the transcript, or, by agreement of counsel, brought before us. This latter course is frequently and very properly taken, and is always of service to the reviewing court. But even with such testimony as we have before us, we feel warranted in saying that it is sufficient to sustain the action of the trial court in overruling the demurrer to it. There was ample testimony sustaining the averments in plaintiff's petition and supporting the verdict. We have the rather unusual situation here of counsel for respondent making much more serious attacks upon the verdict and the action of the learned trial court in the admission and exclusion of evidence and in the matter of instructions to the jury and the amount of the verdict, than are made by counsel for appellant. But as plaintiff has not seen fit to appeal, these attacks by her counsel cannot be considered. All that we can here consider are the points made by counsel for appellant, which are directed against the sufficiency of the evidence to sustain the verdict, against the instructions given by the court, and to the action of the court in refusing the instructions asked on behalf of defendant. No specific error is assigned to any of the instructions nor to the verdict, the argument of counsel here proceeding on the theory that the demurrer should have been sustained and that,

at most, plaintiff was entitled to nominal damages. No argument is made to us on the instruction as to the measure of damages, beyond the claim that nominal damages could alone be recovered.

We have disposed of the first by saying that there was evidence sustaining the verdict and no error in overruling the demurrer to it. Nor was there error in refusing those instructions asked by defendant which were in effect demurrers to the evidence.

The most effective way to dispose of the objections to the instructions which the learned trial court gave of his own motion is to set them out substantially as given. He told the jury that if they found and believed from the evidence that in the years 1907 and 1908, the defendant railroad company rebuilt and reconstructed its trestle on the line of its railroad and right of way over Greenwood Valley Creek, at a point where defendant's railroad passes through the land owned by plaintiff in Wayne county, and if they found from the evidence that that creek was then a natural watercourse, as afterwards to be defined in the instructions, and that defendant in so rebuilding and reconstructing its trestle placed piling which supported it across the natural channel of this creek in rows, obliquely across the current of the creek, "without leaving sufficient space between said rows of piling to permit the free flow of said waters down the channel of the creek," and if the jury found and believed from the evidence that this trestle could have been constructed by placing rows of piling across the bed of the creek so that they would not have obstructed the natural flow of the water down the creek, without weakening the trestle and making it less safe for the passage of defendant's engines and cars over the trestle, "then, and in such event, the placing of said rows of piling, as they were so placed by the defendant, was negligence on the part of the defendant."

The court further told the jury in this instruction "If, however, said rows of piling could not have been otherwise placed so as to avoid such obstructions, without weakening said trestle and rendering it less safe for the passage of defendant's engines and cars over it, then their being so placed as they were was not negligence on the part of the defendant."

The court also told the jury that if they believed and found from the evidence that the rows of piling were so placed across the natural channel of the creek by defendant so as to obstruct the natural flowage of the water in the bed of the creek, "when they might have been differently placed so as not to obstruct said flow, without weakening said trestle and rendering it less safe for the passage of defendant's engines and cars over it, and if you believe and find from the evidence that by reason thereof, or by reason thereof, together with any stumps of piling used in the construction of a former trestle at that place, which were left standing in the bed of the creek, the waters of said creek were diverted and caused to flow against one of the banks of the creek below the trestle and to cut the same away and cause the waters of the creek to flow out of its natural channel and onto and over plaintiff's land and to flood her well and leave drift and sediment and filth therein, or to wash and damage her well-house, or to wash off any of her soil or to wash, cut and excavate holes, ditches or trenches in said land, or to wash, deposit and leave beds of gravel or sand on said land," and the jury found from the evidence that the land, well or well-house were thereby injured in the years mentioned or in any of them, or if they believed and found "from the evidence that piling in the channel of said creek, as so placed by defendant, either of themselves or in connection with such stumps of old piling, caught trash," etc., and caused it to lodge and accumulate on the upper side of the trestle by the natural flowage of the waters of

the creek down the channel, "and that such lodging and accumulation of drift, gravel and sand, or any of them, caused the waters of the creek to be retarded, and hindered and obstructed in its natural flowage, and caused such waters to accumulate and rise higher in the natural channel of the creek than they would otherwise have done if said driftwood had not been so caused to gather and accumulate, and if you believe and find from the evidence that the waters of said creek, as they would have flown down its channel, but for such obstruction, were caused by such obstruction to flow out of the natural channel of the creek and onto and over plaintiff's land," etc., and that the land was thereby injured, their verdict should be for plaintiff.

Immediately following this and in the same instruction the court told the jury: "And, in this connection, you are instructed that if you believe such damage was caused to plaintiff's land, her well, or her well-house or any or either of them, on account of such negligence on the part of the defendant by an extraordinary overflow in the waters of said creek, and that such obstruction in the natural flowage in the waters of said creek concurred with such flood to cause such injuries, and that such obstruction of said waters was the efficient cause of the infliction of said injuries, and that without the same such injuries would not have occurred, then in that event you will find the issues for the plaintiff."

The court also instructed the jury as to the measure of damage, placing it at the cost to plaintiff to have fixed the bank of the creek so as to have prevented the injury.

In the second instruction which the court gave, it told the jury that "a watercourse is a living stream of water with well defined banks, and a channel and bed. Such stream to be a watercourse need not run continuously, but it must be fed from other and more

permanent sources than mere surface water, resulting from rain or snow which may be discharged from a higher to a lower level and find exit through its channel. . . . If, therefore, you 'believe and find from the evidence that Greenwood Valley Creek had well defined banks and a channel and bed through which at certain seasons of the year water has flowed which has been fed from other and more permanent sources than mere surface water resulting from rain or snow discharged from a higher to a lower level and finding exit through the channel of the creek, and if you believe and find from the evidence that it had such banks, channel and bed through which water has at certain seasons of the year flowed during the times at which plaintiff claims to have been damaged by its obstruction by the defendant, then you will find said creek to have been a watercourse at all times of said alleged damage, and unless you shall so believe and find from the evidence you will not find it to have been a watercourse."

The third instruction told the jury that under the laws of this state, defendant had a legal right to reconstruct and build its trestle mentioned in the evidence over the creek for the use of its railroad and to build it in such a way and of such strength as to make it safe for the passage of its engines and cars over it in the transaction of its business, and if the jury believed and found from the evidence "that said trestle was built by the defendant and that the piling supporting it were placed across the bed of said creek in such a position as to afford as easy a passage of the waters of said creek through said trestle under the defendant's railroad as was consistent with the strength and safety of said trestle for the purpose of the passage of the defendant's engines and cars over it, then plaintiff is not entitled to recover in this case for any damage which she may have sustained (if she in fact sustained any damage), resulting from the reconstruc-

tion of said trestle, and you will find the issues for the defendant, unless you shall believe and find from the evidence that stumps of old piling which had been used in a former trestle over said creek at the place where said reconstructed trestle was erected, caught drift, sand and gravel, or both drift, sand and gravel, and were an efficient cause of creating an obstruction in the flowage of the channel of the creek, and unless you believe and find from the evidence that such obstruction was an efficient cause of such injury as plaintiff may have suffered to her land, or well or wellhouse.''

The fourth instruction told¹ the jury that if they found and believed from the evidence that the portion or portions of the water running in Greenwood Valley Creek in time or times of high water in said creek escaped from the channel of the creek at a point or points where the flowage of the water in the creek was not affected by any obstruction resulting from the trestle in question, and having left the channel of the creek, ran over plaintiff's land and did the damage mentioned in the evidence in whole or in part, then plaintiff is not entitled to recover in this action for or on account of any such damage.

In the fifth instruction the court told the jury that the term "negligence," as used, meant the lack of ordinary care; and that "ordinary care" is such care as a reasonably prudent and careful person would exercise in the transaction of such business a thsat referred to in these instructions.

The sixth instruction was as to the credibility of witnesses, the seventh as to the weight to be given to the opinions of expert witnesses, the eighth as to the number of jurors necessary to concur in a verdict.

It is very difficult to understand how the learned counsel for appellant can find any possible cause to complain of these instructions. They are certainly very favorable to appellant.

The instructions of the learned trial court seem to have followed very closely along the lines marked out by our Supreme Court in Munkress v. K. C., St. J. & C. B. R. R. Co., 72 Mo. 514, and in Abbott v. K. C., St. J. & C. B. R. R. Co., 83 Mo. 271. They follow the petition in charging that the obstruction was put in negligently and carelessly. If there was any error it was in making the instructions too favorable to the appellant and of which it cannot complain. That defining a watercourse follows Webb v. Carter, 121 Mo. App. 147, l. c. 152 and 153, 98 S. W. 776, and is not objectionable. The learned trial judge is absolutely correct as to this. [See also Benson v. Chicago & Alton R. R. Co., 78 Mo. 504.] The judgment in Webb v. Carter, supra, was reversed with the concurrence of all the members of this court, and while there was difference of opinion as to the grounds of reversal, there was no dissent or divergence over all the other parts of the opinion, which Judge GOODE states was written by the then Presiding Judge of the court. Considering these instructions together as well as in detail, they are greatly to the advantage of defendant. Counsel for defendant seems to assume that as the railroad has the right to cross this watercourse in the construction of its roadway, it can do so at its pleasure. The right to cross it by means of a bridge or trestle is not controverted. In constructing this, it is also the law that it was bound to exercise reasonable care and skill with reference to the safety and security of its roadbed and track and to the traveling public. But at the same time it was its bounden duty to see that no unnecessary injury was done to adjoining proprietors by the obstruction of the waters. Whether there has been a failure to use reasonable care and skill was a question for the jury under proper instructions. There was evidence here, as said, to sustain the verdict and the jury was properly in-

structed. [Abbott v. Railroad; Benson v. Railroad, supra.]

We find no reversible error in this case to the prejudice of this defendant, the only appellant here. We have not gone into the instruction as to the measure of damage as the party specifically complaining of that is the respondent, who has not appealed.

The judgment of the circuit court is affirmed. *Caulfield, J.*, concurs; *Nortoni, J.*, dissents.