LAURA S. BEAN, Respondent, v. JOHN LUCHT,
Appellant.

St. Louis Court of Appeals, April 2, 1912.

1. TRIAL PRACTICE: Demurrer to Evidence: Waiver. Where
defendant puts on evidence after his demurrer to the evidence
offered at the close of plaintiff's case is overruled, and again
offers a demurrer at the close of the whole case, he waives
the first demurrer.

2. WATERS AND WATERCOURSES: Obstruction: Injury to
Land: Sufficiency of Evidence. In an action for injuries to
land, alleged to have been caused by the closing of a water-
course by defendant, resulting in the water being diverted
and cast upon plaintiff's land, *held*, an instruction in the
nature of a demurrer to the evidence, offered by defendant
at the close of the whole case, was properly refused.

3. ———: ———: ———: Measure of Damages: Instructions.
In an action for injuries to land, caused by obstructions, not
of a permanent character, which diverted a watercourse and
cast surface waters on the land, an instruction "that the
measure of damages will be the difference between the value
of plaintiff's property before the acts complained of in plain-
tiff's petition and the value of said property after the acts
complained of in plaintiff's petition" *held* erroneous, as being
too general, under the issues.

4. ————: ————: ————: ————: ————. In an action for injuries to land, caused by obstructions which diverted a watercourse and cast surface waters on the land, the obstructions not being of a permanent character, the measure of damages was not the difference in the market value of the land before and after the act complained of, but was whatever damage had been sustained at the time the suit was instituted; and plaintiff was not entitled to recover for permanent injury to the land, except in so far as its market value may have been depreciated by the substances deposited on it by the water or by the soil washing away.

5. INSTRUCTIONS: Not Predicated on Evidence. An instruction which submits a hypothesis not warranted by the evidence is erroneous.

6. ————: Misleading Instructions: Waters and Watercourses. An action for injuries to land, caused by obstructions which diverted a watercourse and cast surface waters on the land, was instituted by two plaintiffs, who, while owning adjoining lots, had no title in common. After testimony as to the damage done to the lots of both was received, one of the plaintiffs took a nonsuit. *Held*, that an instruction, charging that the measure of damages is the difference between the value of plaintiff's property before the acts complained of in plaintiff's petition and the value of the property after the acts complained of, was erroneous, as tending to cause the jury to consider evidence as to the injuries suffered by both plaintiffs.

7. TRIAL PRACTICE: Appellate Practice: Confusing the Issues: Waters and Watercourses. An action for injuries to land, caused by obstructions which diverted a watercourse and cast surface waters on the land, was instituted by two plaintiffs, who, while owning adjoining lots, had no title in common. After testimony as to the damage done to the lots of both was received, one of the plaintiffs took a nonsuit. *Held*, that the confusion introduced into the case, by reason of the reception of evidence relating to the damage done the lots of both parties, the subsequent exclusion of that evidence, both by oral direction and written instruction, and the dismissal of the case as to one of the plaintiffs, was such that justice demands that the case be retried, with the proper party as plaintiff and the damage done that party alone submitted to the jury.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Albert M. Spradling* and *J. R. Young* for appellant.

(1) (a) All the evidence shows that the water, which is alleged to have been diverted on Mississippi avenue, was water from rains and melting snow; not a natural watercourse, but merely surface water. Jones v. Hannovan, 55 Mo. 462; Benson v. Railroad, 78 Mo. 504; Stewart v. Clinton, 79 Mo. 603; Abbott v. Railroad, 83 Mo. 271. (b) The best definition of a watercourse is found in the following cases and it will be readily observed that the watercourse, made out in the case at bar, falls short of the one called for in these definitions: Gould on Waters (2 Ed.), p. 520, sec. 263; Benson v. Railroad, 78 Mo. 504; Jones v. Railroad, 18 Mo. App. 251; Schneider v. Railroad, 30 Mo. App. 620; Gray v. Schriber, 58 Mo. App. 173; Webb v. Carter, 121 Mo. App. 147. (c) The authorities of towns and cities, whose duty it is to keep the streets and public ways in good repair for the use of the public, may repair the same in a reasonable manner, without incurring any liability to adjoining proprietors, even though the improvements may cause a change in the natural flow of surface water to their injury. Gould on Water (2 Ed.), p. 527, sec. 269; McCormick v. Railroad, 57 Mo. 433; Rychlicki v. Railroad, 98 Mo. 497; Payne v. Railroad, 112 Mo. 6; Cannon v. St. Joseph, 63 Mo. App. 367; Ready v. Railroad, 98 Mo. App. 467. (d) An individual, the same as municipal authorities, has the right to drain surface water from his land, by ditching and embankments made thereon, to render it more wholesome, useful and productive; and if the ditching and embankments were made or done on his own land with reasonable care and skill and injury results to adjoining proprietors, they are without remedy. Imler v. Springfield, 55 Mo. 119; Jones v. Hannovan, 55 Mo. 462; McCormick v. Railroad, 57 Mo. 433; Hosher v. Railroad, 60 Mo. 329; Abbott v. Rail-

road, 83 Mo. 271. (2) The rule for ascertaining the measure of damages is not the difference in the value of the property before and after the injury complained of in the petition, but is the actual damage done to the property up to the filing of the suit. Pinney v. Berry, 61 Mo. 359; Benson v. Railroad, 78 Mo. 504; Brown v. Railroad, 80 Mo. 457. (3) The respondent complains of acts done prior to the time of purchasing her lots. Mississippi avenue was repaired on the 23rd and 24th of April, 1908, and respondent bought her lots on the 29th of April, 1908, and the 5th of September, 1908. Respondent cannot complain of water, if there was any, now, which burdened her lots at the time she bought them. (4) George Bean is the husband of the respondent and not a party to this suit. The court erred in requiring appellant to testify to a conversation had with George Bean. (5) A nonsuit was taken as to Frank Bean, the owner of lot two and one-half of lot three. This left lots one-half of three, four and five, on which the jury should have assessed their damages, if they should find any. Appellant does not know whether damages were assessed on all the lots described in plaintiff's petition or those that remained after the nonsuit. The jury should have been instructed that in arriving at their verdict they should not consider the damage done to lots number two and one-half of three.

*James A. Finch* and *C. N. Mozley* for respondent.

(1) The evidence of George C. Bean of which appellant complains in his assignments of errors number one was taken from the jury by oral and written instructions. The court's instruction to disregard the testimony of this witness is sufficient to cure the error of admitting the testimony complained of. White v. Gray 32 Mo. 447; Administrator v. Lackmann, 39 Mo. 91. (2) The measure of damages in this case could only be the difference between the market value of the

property before and after the injury complained of.
The evidence shows the injury of a permanent char-
acter, such a one as would exist if the cause should be
removed. The deposit of sediment was a permanent
injury. The destruction of the street directly in front
of plaintiff's property was a permanent injury. The
test as to distinction between temporary and permanent
injuries to real estate is whether the injury will con-
tinue after the cause is abated. Kellogg v. Kirksville,
132 Mo. App. 526; Smith v. Sedalia, 182 Mo. 1; Krebs
v. Construction Co., 144 Mo. App. 649. Where destruc-
tion of things inflicts more than temporary injury to
land or replacement would be impossible, damage is
market value of land. Adam v. Chicago, Railroad, 139
Mo. App. 204; Railroad v. Gatton (Ky.), 121 S. W. 640;
Railroad v. Magness (Ark.), 123 S. W. 786; Suehr v.
Sanitary District, 149 Ill. App. 328; Railroad v. Nelson
(Ky.), 127 S. W. 520; Martin v. Porter, 150 Ill. App.
411; Meighan v. Terminal Co. (Ala.), 51 S. W. 775;
Railroad v. Qualls (Tex.), 124 S. W. 140.

REYNOLDS, P. J.—This action was originally
brought by Frank W. Bean and Laura S. Bean against
defendant for damages said to have been sustained by
them through the act of defendant in closing up what
is claimed to be a watercourse in the town of Illmo.
The petition avers that plaintiffs are the owners in
fee of four certain lots numbered 2, 3, 4 and 5 in an ad-
dition to that town; that they were the owners of this
real estate in May, 1908; that in that month defendant
unlawfully, willfully and maliciously dammed up and
closed a certain watercourse and dug certain trenches
and ditches, thereby causing the water to flow through
these trenches or ditches excavated by defendant and
thereby precipitated the water upon plaintiffs' lots;
that in addition to the act of excavating these trenches

and diverting the water, defendant had unlawfully, willfully and maliciously excavated trenches or ditches on his own land which caused the surface water on his land to collect in the ditches and caused it to flow upon plaintiffs' lots, and that the damming of the watercourse and excavating these ditches has caused the water to flow through the ditches upon plaintiffs' lots; that defendant has continued to maintain these ditches and allow the water to be diverted from the watercourse and discharged upon plaintiffs' lots, causing sediment to be deposited on all the lots belonging to plaintiffs, killing the grass and shrubs and rendering unfit for business purposes two of the lots numbered 2 and 5 and destroying the right of ingress and egress to all plaintiffs' lots, by the water which had been diverted from the natural channels washing out the street bed and grading on it so that the street could not be used as a way of ingress and egress to plaintiffs' lots; that before the acts complained of, lots numbered 2 and 5 were suitable and valuable for business purposes and that the flowing of the water on the lots and depositing of sediment and killing of the grass and washing of the street caused by the acts of defendant had rendered the lots unfit for building purposes, damaging plaintiffs to the amount of $500, for which, and for $500 punitive damages, plaintiffs demand judgment.

The answer, after a general denial and denial of information as to the ownership of the lots claimed by plaintiffs, avers, in substance, that what plaintiffs designate as a watercourse is in fact a street lying between the towns of Illmo and Edna; that it had received no attention from the authorities of either town; had been in an extremely bad condition for a great period of time and fit for use only in dry weather and even then is in bad condition; that in wet weather it is well-nigh impassable and had been so for a long time prior to any mentioned in the petition, on account of washes

and a spring from the earth which is in the street; that the street is an old road, worn deep, and is part of an old gully extending beyond and north of the point of intersection of two streets, and acts as a conduit for water accumulating during heavy rains, and for a long period prior to that mentioned in the petition has overflowed its banks along and opposite the lots mentioned in the petition as belonging to plaintiffs; that prior to any time mentioned in the petition, the lots described as belonging to plaintiffs, being lower, had been overflowed from water accumulated from the surface of the adjacent territory on account of the condition of the road now called a street. Averring that plaintiffs had themselves diverted the water so as to flood their lots, defendant denies that he at any time did any work, ditching or damming on the premises, or along the street, or roads mentioned in the petition, except as street commissioner of the town of Edna, and that all the work he has done at any time in the streets, roads or premises was done in a careful and "husband-like" manner for the purpose of bettering the streets and roads and improving the vicinity for the benefit of the public.

A reply was filed and the cause went to trial before a court and a jury.

It is not necessary to set out the evidence, it being sufficient to say that there was evidence along the lines of the pleadings of the respective parties.

After the trial had progressed and several witnesses had been examined, it developed that plaintiffs were not owners in common nor jointly interested in the four lots described but that the plaintiff Frank W. Bean owned lot 2 and the north half of lot 3, the plaintiff Laura S. Bean being owner of the others, whereupon plaintiffs took a nonsuit as to Frank W. Bean.

At the conclusion of plaintiff's case in chief and again at the close of all the testimony, defendant of-

fered an instruction that under the law and the evidence the jury should find for defendant. Both of these were refused, defendant excepting. The jury, after being instructed by the court, returned a verdict in favor of plaintiff Laura S. Bean for $262.62½. Judgment followed. Defendant, filing a motion for new trial and excepting when that was overruled, has duly perfected his appeal to this court.

Counsel for appellant make five assignments of error: First, as to the admission of incompetent, irrelevant and immaterial evidence; second, in requiring appellant to testify as to a conversation had with the witness George Bean; third, in giving the second, third, fourth, fifth, sixth and seventh instructions at the instance of plaintiff; fourth, in refusing appellant's instruction in the nature of a demurrer to the evidence, and fifth, in overruling defendant's motion for new trial.

Taking up the fourth assignment of error as to the action of the court in refusing to sustain a demurrer to the evidence and considering that offered at the close of all the evidence in the case, it was properly overruled. The defendant lost the benefit of the other demurrer by introducing his evidence.

In the view we take of this case, it is not necessary to notice the first and second assignments of error, so far as relates to the testimony of witness Bean. On a retrial this alleged error, as well at that assigned on a question asked of defendant, will hardly again occur.

The principal objection made to the instructions given on the part of plaintiff are that they assume that defendant had committed the acts of which complaint is made. These instructions are, to some extent, liable to this criticism, and to the further criticism that one or more of them are mere statements of abstract propositions of law. But as we are reversing and remanding for other reasons we do not consider

it necessary to consider them in detail. Nor do we take up the instructions of either party as to what constitutes a watercourse. In Scott v. Missouri Southern Railroad Co., 158 Mo. App. 625, 139 S. W. 259, we have so fully compiled the authorities in this state defining watercourses that counsel should have no difficulty in framing proper instructions.

The instruction as to the measure of damage, given at the instance of plaintiff (instruction No. 7), told the jury that if they found the issues for plaintiff, "that the measure of damages will be the difference between the value of plaintiff's property before the acts complained of in plaintiff's petition and the value of said property after the acts complained of in plaintiff's petition." We hold that this instruction is erroneous, being too general, under the issues and facts in this case. [See Pinney v. Berry, 61 Mo. 359; Benson v. Chicago & Alton Railroad Co., 78 Mo. 504; Brown v. Chicago & Alton Railroad Co., 80 Mo. 457; Scott v. Missouri Southern Railroad Co., supra, l. c. 633.] In this last cited case the instruction of the circuit court, which was approved by this court on the authority of cases there referred to, correctly states the rule of damages in a case of this kind. In all of the above cases the actions were actions on the case, as it would be called under the old system of pleading, for flooding plaintiff's lands, not actions of trespass *vi et armis*. In Pinney v. Berry, supra, it is held that the rule applicable in an action for negligent injury to real property which allows plaintiff the difference between the market value of the land immediately before the injury occurred and the like value immediately after the injury is completed, has no application to such nuisances as may be removed the day after the verdict and for the continuance of which a second or third action may be maintained or which may be abated at the instance of the injured party by the order of a competent court. In line with the decision in Pinney v.

Berry is Benson v. Chicago & Alton Railroad Co., supra, where at page 511, it is held the "plaintiff can only recover for damages done up to the institution of suit;" while in Brown v. Chicago & Alton Railroad Co., supra, it is distinctly held that, "The measure of damages in such a case as this cannot be the difference in value of the land before and after the injury, and the difference in rental value also, before and after the injury. But must be the injury actually sustained at the commencement of the suit." It is true that in other cases language may be found which seems to unsettle this rule; but careful consideration of them and of the issue involved, does not lead to any such conclusion. It may be confidently said that they are not overruled and it is beyond question that they correctly state a principle recognized by all text-writers. Smith v. City of Sedalia, 182 Mo. 1, 81 S. W. 165, is referred to as announcing a contrary rule. We do not think it does. There the court told the jury that in no event could the plaintiff recover for damages to the market value of the land. This was held error because too general, when applied to the facts in that case. Here the jury are told that the sole measure of damage is the difference in market value. That is equally erroneous for the same reasons. The obstructions here complained of are not necessarily permanent. If on their removal the overflow ceases, plaintiff is entitled only to such damage as she sustained down to the bringing of the action; not to damage as for a permanent injury to the land, except in so far as its market value may have been depreciated by the deposit of sand, sediment or the like, or so far as it may have been washed away. This is damage separable from those sustained by periodic overflow, or by obstruction to ingress and egress.

This instruction should not have been given in this form for another reason. Down to the time of the dismissal of the case as to Frank Bean, the testimony as

to depreciation in value all related to the damage to
the four lots. It appears that there were improvements
on one or more of them, but as to which is not in evi-
dence. All the testimony of the only witness who
located the improvements was stricken out. One of
plaintiffs' witnesses, Mr. Wear, distinctly testified,
when asked how much, in his opinion, the property had
depreciated in value, "I would consider that he is dam-
aged considerably by this water flooding his place
where it didn't when he bought." He had thus con-
fined his estimate of damage to the damage to Frank
Bean. After the case had been dismissed as to Frank
Bean, Mr. Wear was recalled by plaintiff and very
specifically disclaimed knowledge of the lots by num-
bers, that is, did not know which of the four belonged
to Mr. Bean and which to Mrs. Laura S. Bean, and did
not know on which of them improvements had been
made. He repeated that he placed his estimate on the
damage to the whole four, and, improperly, to the im-
provements, although it was not controverted that the
improvements were put on after the alleged acts of
defendant. Moreover, the jury were told by this in-
struction that the measure of damages, if they found
for plaintiff, would be the difference between the value
of plaintiff's property "before the acts complained of
in plaintiff's petition" and the value of said property
"after the acts complained of in plaintiff's petition."
Here they are twice directed to refer to the petition.
Doing that they would find the acts were charged to
have been done as to all four of the lots and the damage
alleged to be to all four. That was sure to mislead and
confuse the jury. Under such a state of the pleadings
and evidence, the jury were left to guess out a ver-
dict as to damages to the sole plaintiff, having before
them no evidence as to which of the four lots referred
to in the petition the evidence should be applied.

On a new trial the evidence, as well as the in-
structions, must be confined to the lots belonging to

the plaintiff, and while owned by her down to the date of the commencement of this action. In fact, the confusion introduced into the case both by the admission of the testimony of the husband of Mrs. Bean, which was very full on all the points in issue, its subsequent exclusion both by oral direction and by written instruction, and by the dismissal of the case as to the plaintiff Frank Bean after practically all the testimony for plaintiff theretofore taken covered and related to all four of the lots, leads us to believe that justice demands that the case be retried, with the proper party as plaintiff and the damage to the lots owned alone by plaintiff submitted for the determination of the jury.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.*, concur.