J. L. RUSSELL, Respondent, v. JOPLIN TRANSFER & STORAGE COMPANY, HUGHES STONE COMPANY and JAMES BRAGASSA, Appellants.

Springfield Court of Appeals, March 3, 1913.

1. APPEAL: Record Incomplete and Imperfect: Trial Court Sustained. Where the record in the case is in such an incomplete and imperfect condition that a consideration of alleged errors occurring at the trial is impossible, the judgment of the trial court will be affirmed.

2. ————: Master and Servant: Negligence of Master. Defendant transfer company engaged to move a boiler to the gravel works of the other defendants, working conjointly in "setting up" the same. The injury complained of by the plaintiff was received while the smoke stack was being raised, which was done under the superintendency of defendant Bragassa and an employee of the defendant transfer company sent to the place by the company to assist in adjusting the machinery under the contract. *Held*, that the transfer company could not escape liability for the negligence of this employee on the ground that he was simply loaned to Bragassa.

3. ————: **Illustrations and Plats.** Where illustrations are used before a jury as to instrumentalities about which there is a controversy and plats are submitted for their consideration, unless these illustrations and plats are preserved on the appeal, the testimony with which they are connected may become useless.

Appeal from Barton Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Shepherd & Burnett, George Hubbert, Van Pool & Martin* for appellants.

(1) If the plaintiff voluntarily assumes a dangerous position, he is guilty of contributory negligence such as will bar his recovery as a matter of law. 54 Mo. App. 527; La Batt on Master and Servant, p. 800; Doerr v. Brewing Assn., 176 Mo. 574. (2) At common law the contributory negligence of plaintiff bars a recovery for his injuries, and this rule is without exception. Nivirt v. Railroad, 232 Mo. 626, 135 S. W. 33; Calahan v. Warne, 40 Mo. 131; Hogan v. Railroad, 150 Mo. 55; Dunkeman v. Railroad, 16 Mo. App. 548; Dunkeman v. Railroad, 95 Mo. 232. (3) Where the negligence of the plaintiff directly contributed with that of the defendant there can be no recovery. Murray v. Railroad, 131 Mo. 236; Kelnip v. Railroad, 101 Mo. 67. (4) The relation of master and servant only exists where the person sought to be charged as master either employed or controlled the servant. Paint and Color Co. v. Cordon, 92 Mo. 229; Sherman Redfield on Negligence (5 Ed.), p. 221. (5) The master is not liable for the acts of the servant unless the servant is performing his work at the time. Byrne v. Railroad, 24 L. R. A. 696; Swack Hamer v. Johnson, 54 L. R. A. 626; Bissel v. Roden, 34 Mo. 63. (6) Instructions must not comment on the evidence and must not be argumentative. Curtis v. Bell,

131 Mo. App. 245. (7) Instructions must not assume facts to be true that are controverted, and must not ignore evidence, or practically exclude it. Crowe v. Railroad, 212 Mo. 601; Thompson v. Botts, 8 Mo. 710; Wilkerson v. Eilers, 114 Mo. 245; Sullivan v. Railroad, 88 Mo. 169. (8) Mere fact of injury never raises presumption of negligence. *Res ipsa loquitur* does not apply where both the act which caused the injury and the negligence of defendant in relation thereto must be inferred from the accident itself. De Glopper v. Light Co., 134 S. W. 609; Scarpelli v. Water Power Co., 114 Pa. 870. (9) It is error to charge in an instruction that in order to defend from liability on account of contributory negligence on the part of the plaintiff the burden is on the defendant to satisfy the jury of such contributory negligence, since a preponderance of the evidence is sufficient to sustain such a defense. Railroad v. Stewart, 20 S. W. 962; McBride v. Banguss, 65 Tex. 177; Scott v. Allengaugh, 50 Mo. App. 135.

*J. A. Sturges* for respondent.

(1) There being substantial evidence in support of all the allegations, the demurrer was properly denied. St. Louis v. Packet Co., 214 Mo. 654; Meily v. Railroad, 215 Mo. 584; Enloe v. Car Co., 240 Mo. 448; Forbes v. Dunnavant, 198 Mo. 193. (2) Giving the defendants the most favorable construction of the evidence, it is only conflicting, therefore a matter of fact to be determined by the jury. Lackland v. Coal Mining Co., 110 Mo. App. 634; Enloe v. Car Co., 240 Mo. 448; Eckhart v. Transit Co., 190 Mo. 611. (3) And this court will not reverse on a question of fact where the evidence is conflicting. Morrice v. Williams, 131 Mo. App. 370; Railey v. Street Railway, 133 Mo. App. 473; St. Louis v. Eagle Packet Co., 214 Mo. 654; Jaffi v. Railroad, 205 Mo. 450. (4) The judgment in this

case is evidently for the right party, and the appellate court will not reverse on mere trivial or technical errors. Cross v. Gould, 131 Mo. App. 585; Sharp v. Railroad, 213 Mo. 537; R. S. 1909, sec. 2082. (5) Defendants owed plaintiff reasonable care to prevent injury, regardless of contractual relations. Lohring v. Love, 118 Mo. App. 172; Bragg v. Street Railway, 192 Mo. 359; Neff v. City of Cameron, 213 Mo. 360; Young v. Waters Pierce Oil Co., 185 Mo. 634. (6) Under the evidence each defendant was liable, and the case below was tried on this theory by both plaintiff and defendants. Appel v. Eaton & Prince Co., 97 Mo. App. 428; Capehart v. Murta, 165 Mo. App. 55.

ROBERTSON, P. J.—This action was instituted in the circuit court of McDonald county and afterwards taken on change of venue to Barton county. Defendant James Bragassa was doing business under the name of Hughes Stone Company. Plaintiff recovered judgment below on a petition which alleges that on November 17, 1910, he was in the employment of defendants who were engaged in installing a steam boiler and engine at the "gravel works" of the defendant Bragassa; that the defendants in preparing to raise and adjust the smokestack to the boiler were proceeding to raise a mast or gin pole and had selected for the gin pole an iron rail, being an ordinary railroad rail about twenty-five feet long and weighing approximately 700 pounds. Plaintiff then describes the method of raising it and charges the acts of negligence to be that defendants' superintendent loosened one of the guy ropes to the rail and allowed it to fall, and that the defendants were further negligent in not securely fastening the foot of said rail and said ropes so as to prevent the rail from slipping or coming loose and in selecting the rail for such mast or gin pole.

The evidence discloses that the Joplin Transfer & Storage Company had undertaken to move the boiler

from another place in this State to Noel where it was to be set up at the "gravel works" of the defendant Bragassa. by the transfer company and Bragassa. The transfer company sent to Noel for the purpose of assisting in setting the boiler up one of its employees and an employee of defendant Bragassa was also there, both assisting in and superintending the work. The raising of the gin pole had progressed until it was up to an angle of about eighty. degrees, when it fell striking and wounding the plaintiff. As to how it was being manipulated, the surroundings and the manner and method of work of the various parties there engaged, it is impossible for us to determine from the record in this case. It seems at the trial of the case a plat was used and demonstrations made by the witnesses indicating the various positions of the gin pole and the guy ropes, the boiler and appliances, but none of these matters are before us. The plat was offered in evidence but by a mistake of the printer another plat is in the record which is of no assistance to the court. When illustrations are made before the jury as to instrumentalities about which there is controversy or references are made to plats, it is important, if the parties desire the opinion of this court upon any question connected therewith, that these matters be preserved or duplicated for our benefit; otherwise, the testimony is meaningless. [Scott v. Railroad, 158 Mo. App. 625, 629, 139 S. W. 259.]

It is insisted in the brief filed here in behalf of the appellant that the employee of the transfer company who was sent to Noel to assist in adjusting this boiler, was simply loaned to the defendant Bragassa. We can readily dispose of that question as the record clearly refutes that theory. The testimony discloses that the Joplin Transfer & Storage Company was to receive $50 or $60 for hauling the boiler from the place where it was purchased and for unloading it and

setting it up at Noel. Defendant Bragassa so testified as did also the employee of the transfer company who says he was sent down there to unload and set up the boiler and superintend the work.

Under this state of facts there can be no question as to the liability of the defendant transfer company on account of any acts of negligence that may have been committed there during that work, as alleged in the petition; and as we have said the record in the case is in such shape that a consideration of any alleged errors occurring at the trial is impossible, it therefore becomes our duty to affirm the judgment of the trial court, which is accordingly done. Affirmed. All concur.


## ON MOTION FOR REHEARING.

PER CURIAM.—On the insistence of the defendant, Joplin Transfer & Storage Company, in its motion for a rehearing, that objections to certain instructions given at the request of the plaintiff were not considered in the opinion, suffice it to say that the assignments of error relative to such instructions were necessarily disposed of in the discussion of the relation existing between this defendant and its employee. The objections originally, and in the motion for a rehearing, urged against the instructions are based, we think, on the erroneous assumption by this defendant that the relation between it and said employee was different from that of the usual relation of master and servant.

The motion for a rehearing is denied.